UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DAVID L. SMITH,

                Defendant.

07-CR-00453 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

      On September 1, 2021, the U.S. Court of Appeals for the Second Circuit issued its mandate in this action, ruling on several motions and remanding "for the district court to clarify whether it intended to impose the oral or written version of the two special conditions" covering (i) searches and (ii) providing a probation officer with access to financial information. (ECF No. 365.) The Court has considered the matter and clarifies that it intended to impose the written version of these two special conditions as set forth in the judgment. (ECF No. 360, at 5.)

      Indeed, the Court believes it made its intention clear during sentencing. There, the Court confirmed from defendant's counsel that both defendant and his counsel had in fact read and discussed the Probation Department's presentence report ("PSR"). (ECF No. 366, at 5.) The PSR had recommended that the Court impose three special conditions, including (i) a special condition regarding searches and (ii) a special condition concerning access to financial information. Those special conditions are identical in wording to two of the special conditions in the judgment. (ECF No. 351, at 28; ECF No. 360, at 5.) The Court stated that it was imposing a 36-month term of custody and a one-year term of supervised release "with the conditions recommended by the probation department . . . ." (ECF No. 366, at 54.) Although the Court did not read verbatim the Probation Department's recommended special conditions, the Court finds that defendant's knowledge of the special conditions and the Court's specific pronouncement that it was imposing the conditions recommended by the Probation Department jointly ensure that Smith knew that the Court imposed at sentencing these two special conditions exactly as recommended by the Probation Department.

Accordingly, IT IS HEREBY ORDERED that David L. Smith has been, and continues to be, subject to the full judgment filed on June 9, 2020 that includes the following two special conditions:

> 1. You shall submit your person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer, and if needed, with the assistance of any law enforcement. The search is to be conducted when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the person being supervised. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search shall be conducted at a reasonable time and in a reasonable manner.
>
> 2. You must provide the probation officer with access to any requested financial information.

(ECF No. 360, at 5.)

Dated: New York, New York
February 24, 2022

SO ORDERED:

*/s/ Sidney H. Stein*
Sidney H. Stein, U.S.D.J.